DANIELS *v.* MERRITHEW.

SAME *v.* SACKVILLE.

SAME *v.* MESERVEY.

SAME *v.* JOHNSON.

SAME *v.* MANNING.

APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE
NINTH CIRCUIT.

Nos. 237, 238, 245, 246, 247.  Argued April 21, 22, 1915.—Decided
June 1, 1915.

Decided on authority of *Daniels* v. *Wagner, ante,* p. 547.
An assertion that one seeking to exchange lands under the Forest
Reserve Act of June 4, 1897 is not entitled to make the exchange
is devoid of merit where the bill shows that the Secretary expressly
found that the applicant had acted in good faith.
205 Fed. Rep. 235, reversed.

THE facts are stated in the opinion.

*Mr. Harrison G. Platt,* with whom *Mr. Robert Treat
Platt* and *Mr. Hugh Montgomery* were on the brief, for
appellant.

*Mr. A. W. Lafferty,* with whom *Mr. P. A. Lafferty,
Mr. H. M. Manning* and *Mr. Arthur I. Moulton* were
on the brief, for appellees.

MR. CHIEF JUSTICE WHITE delivered the opinion of
the court.

These five cases were among the fourteen referred to
in the opinion in *Daniels* v. *Wagner,* No. 239, just de-

cided, *ante*, p. 547. For the appellant they were argued in the brief which was filed in No. 239 and which was stated to be applicable to the other fourteen cases. But for the appellees a brief was filed applicable to these five cases. In this brief nothing is said to maintain the existence of the discretionary power under which the Land Department acted and which we have decided in No 239 was not possessed, the brief stating that the subject is irrelevant because the correctness of the action of the Land Department and the court below in sustaining the demurrers is maintainable on other grounds, as follows:

1. Because of the failure of the lieu entrymen to file in time the relinquishment made by the State of Oregon and the assumed resulting priority of the rights of the other entrymen over those of the lieu entrymen. But this contention is governed by the ruling made in No. 239 on the same subject, since we directed attention to the specific finding of the Secretary of the Interior to the contrary and pointed out its binding force.

2. In addition various propositions are urged concerning the bad faith of Daniels in buying the right to the land from the State and the assumption, based upon this premise, of his want of right to the relinquishment or to use it in order to clear away the supposed impediment on the land record to the allowance of the lieu entries. But even assuming for the sake of argument that the premise of fact upon which this contention proceeded had any real relevancy to the right of the lieu entrymen to acquire the land and to use the relinquishment to enable them to do so, such premise is devoid of merit because of the express finding of the Secretary of the Interior which we have stated in the opinion in No. 239 that Daniels' good faith in the Oregon transaction was established. It is true that the argument in these cases in an indirect way seemingly assails the cor-

rectness of this finding, but as it is conclusive here nothing more need be said on that subject.

It results that these cases both as to law and the facts are disposed of by the opinion expressed in No. 239. The decrees sustaining the demurrers in these cases are therefore reversed and they are remanded for further proceedings in accordance with the opinion in this and in *Daniels* v. *Wagner, ante,* p. 547.

*Reversed.*